*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

SHERIECE BUCHANAN,

        Plaintiff-Appellee,

v

DEPARTMENT OF TRANSPORTATION,

        Defendant-Appellant.

UNPUBLISHED
February 09, 2026
11:03 AM

No. 372917
Court of Claims
LC No. 24-000010-MD

Before: O'BRIEN, P.J., and MURRAY and LETICA, JJ.

PER CURIAM.

In this personal-injury case, defendant appeals by right the order denying its motion for summary disposition under MCR 2.116(C)(7) (immunity granted by law). Defendant argues that it is entitled to immunity under the Governmental Tort Liability Act (GTLA), MCL 691.1401, *et seq*., because the "highway exception" to governmental immunity does not apply to the parking lane where plaintiff was allegedly injured. We agree, and therefore reverse and remand for entry of an order granting defendant's motion for summary disposition.

## I. BACKGROUND

The material facts are undisputed. Plaintiff tripped over a depression in the surface of Gratiot Avenue in Detroit, suffering leg injuries. Gratiot Avenue is a two-way street with three travel lanes on each side delineated by white paint markings, a center lane delineated by yellow paint markings, and parallel-parking lanes on either side of the street nearest to the curbs. It is likewise undisputed that the lane with visible depressions that plaintiff allegedly tripped over was not separated from the three travel lanes by paint markings. However, uncontested photos show the lane was noticeably narrower than the travel lanes, and there were two parking signs and a parking kiosk next to the parking lane. The parking signs read "ZONE 206," indicated how to pay for parking, and stated restrictions on when parking was allowed.

Plaintiff brought this claim against defendant under the "highway exception" to governmental tort immunity found in MCL 691.1402. Defendant moved for summary disposition, arguing that the defect was not in a "lane designed for travel" and thus did not fall within the highway exception. Defendant submitted several photographs of the depressions in the roadway

-1-

and the surrounding area in support of its motion, including pictures of the parking kiosk and two parking signs mounted on poles next to the parallel-parking lane and images dating back to 2007 which showed the lane being used for parking. Defendant also submitted an affidavit from Margaret Ceifetz, a Traffic Operations Engineer familiar with Gratiot Avenue, who attested to the following:

> 10. The parking lane in which the alleged defect is located is a dedicated parallel-parking lane with metered parking (Zone 206) marked by posted signs (traffic-control devices). It is not designed to be a travel lane.
>
> 11. The parking lane is not designed for vehicular travel. It is not a transitional or dual-use parking lane. The parking lane is only 7-feet wide and therefore too narrow to be traveled in safely at the posted speed limit. If the parking lane were to be designed for vehicular or dual-use travel, it would have been designed wide enough to accommodate vehicular travel.

The Court of Claims denied defendant's motion because it found that summary disposition was premature given that there was a question of fact as to whether the parking lane was a dual-purpose travel lane for the purposes of the highway exception.[1] It noted that the "[p]hotographs of the roadway reflect signage near the location of the defect that designate the area as parking, but no lanes appear on the roadway." Thus, it concluded that "[t]he record does not support [defendant's] position that no factual development could support plaintiff's claim."

## II. ANALYSIS

Defendant argues that the Court of Claims should have granted it summary disposition because it submitted unrebutted evidence that the parallel-parking lane was not a dual-use lane or otherwise designed for vehicular travel and thus was outside of the highway exception to governmental immunity.

> The applicability of governmental immunity is a question of law that this Court reviews de novo on appeal. This Court also reviews de novo a trial court's determination regarding a motion for summary disposition. Under MCR 2.116(C)(7), summary disposition is proper when a claim is barred by immunity granted by law. To survive such a motion, the plaintiff must allege facts justifying the application of an exception to governmental immunity. The reviewing court considers all documentary evidence submitted by the parties, accepting as true the contents of the complaint unless affidavits or other appropriate documents

---

[1] The Court of Claims had previously held that the parking lane in this exact location on Gratiot was not part of the highway designed for vehicular travel. *Bullock-Pickens v Dep't of Transp*, unpublished opinion of the Court of Claims, issued June 16, 2020 (Docket No. 20-000001-MD). There was no mention why the present case was different than *Bullock-Pickens*, particularly when the same affiant testified in both matters. It is a "basic principle of justice that like cases should be decided alike." *Martin v Franklin Capital Corp*, 546 US 132, 139; 126 S Ct 704; 163 L Ed 2d 547 (2005).

specifically contradict them. If the facts are not in dispute and reasonable minds could not differ concerning the legal effect of those facts, whether the claim is barred by immunity is a question for the court to decide as a matter of law." [*Beals v Michigan*, 497 Mich 363, 369-370; 871 NW2d 5 (2015) (quotation marks, brackets, and footnotes omitted).]

Under the GTLA, absent an exception, government agencies are immune from liability when "engaged in the exercise or discharge of a governmental function." *Mann v Detroit*, ___ Mich ___, ___; 21 NW3d 451, 451 (2025) (quotation marks and citation omitted). "[S]tatutorily created exceptions to immunity are narrowly construed." *Id*. Under the "highway exception" to governmental immunity, "an injured person [can] recover damages from [a] governmental agency arising out of its failure to keep a highway under its jurisdiction in reasonable repair and in a condition reasonably safe and fit for travel." *Yono v Dep't of Transp*, 499 Mich 636, 647; 885 NW2d 445 (2016) (quotation marks, ellipses, and citation omitted).

Importantly, the Legislature declared that this exception only extends "to the improved portion of the highway designed for vehicular travel." MCL 691.1402(1). Lanes used exclusively for parking are not "designed for vehicular travel" and thus do not fit within the highway exception. *Yono*, 499 Mich at 656-657. However, dual-purpose travel lanes that are not "designed *exclusively* for vehicular travel" may still fall within the highway exception, such as where "signage might indicate particular hours during which a designated parking lane is to be used as an additional travel lane. Or a street in a residential neighborhood, with no designated parking lane, [that] might be designed for both curbside parking and vehicular travel." *Id*. at 656. Even if drivers occasionally drive in a parking lane, that does not mean that the lane was *designed* for travel. *Id*. at 653.

Plaintiff's allegations that the highway exception applied were contradicted by defendant's undisputed evidence. *Beals*, 497 Mich at 370. The traffic engineer attested that the defect was in a "dedicated parallel-parking lane with metered parking" that was "marked by posted signs," that was "not designed to be a travel lane," and that was only 7 feet wide compared to the 11-foot-wide travel lanes on Gratiot Avenue. And while there were no painted lines separating the parking lanes from the wider travel lanes, paint markings are not the only way to delineate parking lanes. The parking lanes in *Yono* were painted, but the *Yono* Court stated that "paint markings *and other traffic control devices* can and do delineate how a highway is designed and redesigned over its useful life." *Yono*, 499 Mich at 652 (emphasis added). Traffic-control devices are "all signs, signals, markings, and devices . . . placed or erected by authority of a public body or official having jurisdiction, for the purpose of regulating, warning, or guiding traffic." *Id*. at 653 n 55 (quotation marks and citation omitted). Thus, the signs and kiosk on Gratiot Avenue were traffic-control devices that indicated the highway's design, just like painted lines could.

The *Yono* Court also found it important that "the *only* traffic-control devices present in the lane at issue . . . indicate that it was designed to be used as a parallel-parking lane." *Id*. at 653 (emphasis added). As in *Yono*, the *only* traffic-control devices present in the parallel-parking lane on Gratiot Avenue indicated that the lane in question was a single-purpose parking lane. The parking kiosk, the sign indicating that the lane was a parking zone, and the sign regulating the parking hours make no mention of the lane being used for travel at certain times. And while these

traffic-control devices differ from the traffic-control devices used in *Yono*, they were nonetheless the *only* traffic-control devices present in the lane.[2]

Defendant provided evidence that established that it was entitled to governmental immunity. Therefore, the burden shifted to plaintiff to demonstrate that a question of fact remains in order to avoid summary disposition. *Kincaid v Cardwell*, 300 Mich App 513, 537 n 6; 834 NW2d 122 (2013). Plaintiff, however, submitted no evidence that showed the lane in question was being used for travel. Nor did she offer other evidence to rebut defendant's claim of immunity. Plaintiff did not meet her burden of demonstrating that a question of fact remains. Thus, defendant is entitled to governmental immunity, and the Court of Claims erred by denying defendant's motion for summary disposition under MCR 2.116(C)(7).

The trial court's order denying defendant's motion is reversed, and the matter is remanded for entry of an order granting summary disposition in favor of defendant. We do not retain jurisdiction.

/s/ Colleen A. O'Brien
/s/ Christopher M. Murray
/s/ Anica Letica

---

[2] We recognize that plaintiff argues that *Yono* was wrongly decided, but this Court is bound to follow "precedent from [our Supreme Court] that has not been clearly overruled by the Court or superseded by subsequent legislation or constitutional amendment." *Associated Builders & Contractors v City of Lansing*, 499 Mich 177, 192-193; 880 NW2d 765 (2016). In any event, *Yono* and prior decisions properly parsed the language of MCL 691.1402(1).